**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 11, 2011

Lyle W. Cayce
Clerk

No. 10-41186
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO R. PERDOMO-TAVERA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-533-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Fernando R. Perdomo-Tavera (Perdomo) pleaded guilty to a one-count indictment charging him with illegal reentry. *See* 8 U.S.C. § 1386. The district court sentenced him at the bottom of the advisory guidelines range to 41 months of imprisonment.

Perdomo argues that his trial counsel, Pedro Garcia, was ineffective for failing to advise him that his guidelines range would be sharply increased as a result of his prior attempted murder conviction and for utterly failing to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advocate for a sentence below the applicable guidelines range.  The record has not been sufficiently developed to allow consideration of Perdomo's claims of ineffective assistance of trial counsel, and Perdomo has not shown that this court should make an exception to the general rule that claims of ineffective assistance of counsel cannot be resolved on direct appeal.  *See United States v. Cantwell*, 470 F.3d 1087, 1091 (2006).  A postconviction motion pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for Perdomo's claim that trial counsel was ineffective.  *Massaro v. United States*, 538 U.S. 500, 504-06 (2003).

AFFIRMED.